## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

Gary Waldron,

              Plaintiffs,          :     Case No. 2:20-cv-6272

  - vs -                       Judge Sarah D. Morrison
                                Magistrate Judge Vascura

Wal-Mart, Inc.,

                           :

          Defendant.

## OPINION & ORDER

In this discrimination case, Plaintiff Gary Waldron simultaneously seeks partial reversal of the Court's August 3, 2021 Opinion and Order dismissing the action (ECF No. 26, "Order") and leave to amend his Complaint to address the pleading deficiencies pointed out by the Court in the Order. (ECF No. 28.) Wal-Mart ("Walmart") opposes, and Waldron has replied. (ECF Nos. 29-32.) Due reflection results in **DENIAL** of Waldron's Motion to Alter or Amend. (ECF No. 28.)

## I.     BACKGROUND

Waldron's Complaint asserted reverse race discrimination counts under Title VII and a parallel state provision as well as a public policy claim against his former employer, Walmart. (ECF No. 1.) Walmart sought full dismissal under Fed. R. Civ. P. 12(b)(6). The Order established that the Rule 12(b)(6) standard of review required Waldron to "allege a sufficient factual basis that Walmart terminated him on the discriminatory basis of his race." (ECF No. 26, PageID 154.) After setting forth the elevated elements for reverse discrimination claims, the Court determined

dismissal was proper as to those counts because Waldron's Complaint failed to adequately establish factual bases for two aspects of those claims. First, the Complaint lacked a sufficient factual predicate permitting the reasonable inference that Walmart was the "unusual employer that discriminates against the majority." (ECF No. 26, PageID 155.) Second, the Complaint lacked a sufficient factual predicate permitting the reasonable inference that Waldron was treated differently than similarly situated employees of the same race. *Id.* at 155-156. The Order also dismissed Waldron's public policy claim.

## II.     MOTION TO ALTER OR AMEND

### A. Standard Of Review

Waldron's Motion to Alter or Amend Judgment utilizes Fed. R. Civ. P. 59(e) to seek reversal of the Order regarding the reverse discrimination claims only. (ECF No. 28.)  The Court may grant a motion to alter or amend under the rule if the movant shows: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quotation omitted). Rule 59(e) aims "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings"; therefore, a "Rule 59(e) motion may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *J.P. v. Taft*, No. C2-04-692, 2006 U.S. Dist. LEXIS 14595, 2006 WL 689091, at *13 (S.D. Ohio Mar. 15, 2006) (Marbley, J.) (quotation and

citation omitted). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interest in finality and conservation of scarce judicial resources." *Down-Lite Int'l v. Altbaier*, No. 1:19-cv-627, 2020 U.S. Dist. LEXIS 259462, at \*4 (S.D. Ohio Mar. 30, 2020) (Dlott, J.) (citation and quotation omitted). "The decision to grant or deny a Rule 59(e) motion is within the informed discretion of the district court." *Spec's Family Partners, Ltd. v. First Data Merch. Servs. LLC*, 777 F. App'x 785, 793 (6th Cir. 2019) (quotation and citation omitted).

### B. Clear Error of Law

Waldron argues the Court's Order contains two clear errors of law. Waldron initially asserts that the Court impermissibly relied upon Walmart's argument that all employees sharing Waldron's position were White when determining that the Complaint lacked a sufficient factual basis permitting the reasonable inference that "Walmart [wa]s the unusual employer that discriminates against the majority." (ECF No. 26, PageID 155; ECF No. 28, PageID 162-163; *see also* ECF No. 30, PageID 267.) The Court concedes it improperly considered that argument. That concession, however, does not equate to a clear error of law requiring reconsideration in this instance. That is because the Court found further fault with the Complaint's failure to allege "facts that support the inference that his termination was related to *his* [Waldron's] race" and that "any non-Caucasian similarly situated employees were treated more favorably . . ." (ECF No. 26, PageID 155.)

3

Waldron's second asserted clear error of law is that the Order incorrectly determines that he is not alleging direct evidence of discrimination. (ECF No. 30, PageID 270.) He contends the Complaint's allegation that Angela Conrad telling him "the situation would be different if the [Customer] was not black" equates to such evidence. (ECF No. 1, ¶ 47; ECF No. 30, PageID 270-272.) Ignoring the fact that this argument could have been previously raised, Waldron misunderstands what direct evidence involves.

"In discrimination cases, direct evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999). Put differently, direct evidence "proves the existence of a fact without requiring any inferences." *Burke-Johnson v. VA*, 211 F. App'x 442, 451 (6th Cir. 2006) (quotation and citation omitted). The quote Waldron relies upon is not direct evidence of discrimination against him; it focuses on the customer's race, *not* Waldron's. No clear error of law is present on this topic, and the Motion to Alter or Amend based upon clear errors of law is **DENIED**. (ECF No. 28.)

## C. Newly Discovered Evidence

Newly discovered evidence can be a basis for altering or amending a judgment only if the evidence was "previously unavailable." *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Waldron proffers two types of

information he categorizes as falling within this category: discovery documents and an October 15, 2021 opinion article ostensibly appearing on FoxNews.com.

The discovery documents consist of an investigator's notes (ECF No. 28-4) and Ms. Conrad's interview of another cashier (ECF No. 28-5). Waldron obtained them after the Complaint was filed but before briefing on Walmart's Motion to Dismiss concluded. Therefore, they were previously available and are not newly discovered. *Brumley v. UPS*, 909 F.3d 834, 842 (6th Cir. 2018). Waldron could have moved for leave to amend his Complaint upon receipt and review of those documents. He says his "counsels' trial and deposition schedules" prevented said motion from being filed. (ECF No. 30, PageID 273.) That is an excuse, not a valid reason warranting post-judgment amendment of the Order. Waldon's Motion to Alter or Amend based upon the discovery documents is **DENIED**. (ECF No. 28.)

The article, which is an opinion piece, is based upon "a cache of internal documents" the author obtained from an unnamed whistleblower. (ECF No. 31-1.) It states that Walmart has embraced a "critical race theory training program that denounces the United States as a 'white supremacy system' and teaches white, hourly wage employees that they are guilty of 'white supremacy thinking' and 'internalized racial superiority.'" *Id*. The Court concurs with Walmart that the piece is irrelevant hearsay. Waldron's Motion to Alter or Amend based upon the opinion piece is **DENIED**. (ECF No. 28.)

### D. Manifest Injustice

Waldon also argues that the Order equates to manifest injustice. Manifest injustice requires "that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Curtis v. Hess Ohio Res. LLC*, No. 2:13-cv-0453, 2015 U.S. Dist. LEXIS 188492, at *3 (S.D. Ohio Apr. 29, 2015) (Smith, J.) (quotation and citation omitted). Above, the Court finds no fundamental flaw in the Order. Accordingly, Waldon's Motion to Alter or Amend premised upon alleged manifest injustice is **DENIED**. (ECF No. 28.)

### E. Motion To Amend Complaint

Waldron filed the Motion to Amend the Complaint in this matter after the Court entered final judgment in favor of Walmart. "It is well-settled that after a final judgment, a plaintiff may amend a complaint under [Rule] 15(a) only with leave a court after a motion under Rule 59(e) or 60(b) has been made and the judgment has been set aside or vacated." *In re: Guidant Corp. Securities Litigation*, 2008 U.S. Dist. LEXIS 38270 (S.D. In. 2008). Having found no legitimate basis to alter or amend the final judgment under Rule 59(e), Plaintiff's Motion to Amend the Complaint (ECF No. 28) is **DENIED**.

### F. Dismiss Without Prejudice

Finally, without citing any authority, Waldron asks that the Order be changed to a dismissal without prejudice so that he "may file a new complaint addressing the Court's findings as to pleading deficiencies . . . ." (ECF No. 28,

PageID 170). When faced with a Rule 59(e) motion, the Court "must consider the interest of protecting the finality of judgments and the expeditious termination of litigation." *Bunn v. Navistar, Inc.*, 797 F. App'x 247, 256 (6th Cir. 2020) (internal quotation and citation omitted). "Otherwise, plaintiffs could use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision." *Id.* (internal quotation and citation omitted). Accordingly, Waldron's request to modify the Order to a dismissal without prejudice is **DENIED** so that the Court avoids becoming a litigation adviser. (ECF No. 28.)

## III. CONCLUSION

Waldron's Motion to Alter or Amend (ECF No. 28) is **DENIED**.

**IT IS SO ORDERED**.

<u>s/ Sarah D. Morrison</u>
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**